UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HAROLD BRIDGES,                                 :
                                                :
                Petitioner,    :       04 Civ. 2715 (HB)
                                                :
      -against-                                :       **OPINION & ORDER**
                                                :
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                Respondent.    :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge**[*]**:**

On April 9, 2004, Harold Bridges ("Petitioner"), petitioned this Court for a writ of <u>habeas</u> <u>corpus</u> to vacate his May 11, 2001 sentence of life imprisonment, pursuant to 28 U.S.C. § 2255. (Dckt. 39.) Petitioner claims: (1) ineffective assistance of counsel, (2) abuse of discretion, (3) denial of right to allocution, and (4) improper use of prior felony convictions. For the foregoing reasons, the petition for a writ of <u>habeas</u> <u>corpus</u> is DENIED.

## I. BACKGROUND

On March 15, 2000, the Government filed a Superseding Indictment, which charged Petitioner with conspiracy to distribute, and possess with the intent to distribute, "one kilogram and more of a mixture and substance containing a detectable amount of phencyclidine ("PCP"), in violation of Sections 812, 841(a) and 841(b)(1)(A) of Title 21, United States Code." (Superseding Ind. at ¶ 2) (Dckt. 5.)

In April 2000, Petitioner retained California-based attorney Vincent Oliver ("Oliver"). (Dckt. 9.) However, on June 26, 2000, the Government moved to disqualify Oliver due to a conflict of interest. (Dckt. 19.) The Government maintained that a conflict was present because one of Oliver's former clients, an alleged co-conspirator to Petitioner's crimes, compensated Oliver for his representation of Petitioner. (Trial Tr. at 2:10-6:5). On July 28, 2000, the Court disqualified Oliver and appointed new counsel, Jeremy Schneider ("Schneider"). (Dckt. 19; 20.)

---

[*] Alissa Hazan, a summer 2005 intern in my Chambers, and currently a second year law student at New York University School of Law, provided substantial assistance in the research and drafting of this Opinion.

- 1 -

On August 30, 2000, the Government filed a prior felony information against Petitioner pursuant to Title 21 U.S.C. § 851. (Dckt. 26.) A second prior felony information was filed on September 12, 2000. (Dckt. 31.) Both prior convictions were for narcotics felonies.

On September 18, 2000, trial commenced in the United States District Court for the Southern District of New York. (Dckt. 31.) Following a seven-day trial, Petitioner was convicted of all charges (Dckt. 32), and was subsequently sentenced on May 11, 2001. (Dckt. 39.) Given the two prior felony informations filed by the Government, as well as the jury's finding as to the PCP weight, the Court imposed the mandatory minimum sentence of life imprisonment upon Petitioner. Defendant appealed to the United States Court of Appeals for the Second Circuit. See Bridges, 61 Fed. Appx. at 736.

On appeal, Mr. Ollen raised three arguments: (1) improper admission of evidence regarding the allowance of testimony that pertained to the discovery of a gun in Petitioner's house upon his arrest; (2) inaccurate finding of fact regarding the quantity of PCP, which ultimately lead to an improper sentence; and (3) Government violation of discovery obligations under the Federal Rules of Criminal Procedure by turning over exculpatory evidence after the commencement of the trial. Id. at 737-39. The appellate court affirmed this Court's conviction and life sentence against Petitioner on March 18, 2003. Id. at 739.

## II. STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act, to prevail on a petition for a writ of habeas corpus, the petitioner must demonstrate the:

> [R]ight to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. As a collateral action, a petition for a writ of habeas corpus is not a substitute for direct appeal, and a petitioner who "fails properly to raise his claim on direct review is barred from obtaining collateral relief under Section 2255 unless he establishes cause for the waiver and shows actual prejudice resulting from the alleged error." Velasquez v. United States, 24 F. Supp. 2d 320, 321 (S.D.N.Y. 1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)) (emphasis added); see also St. Helen v. Senkowski, 374 F.3d 181, 184 (2d Cir. 2004). There is an exception to this procedural default rule. A petitioner's claim of

ineffective assistance of counsel is not procedurally barred, regardless of whether or not the petitioner could have raised the claim on direct appeal. See Olaya-Rodriguez v. United States, No. 02 Civ. 4153, 2003 WL 21219854, at *2 (S.D.N.Y. May 23, 2003) (citing Massaro v. United States, 538 U.S. 500, 504 (2003)).

### III. DISCUSSION

Petitioner presents four arguments in support of his petition for a writ of habeas corpus: (1) ineffective assistance of counsel, (2) abuse of discretion, (3) denial of right to allocution, and (4) improper use of prior felony convictions.

**A. Procedural Bar**

Petitioner failed to raise any of his four claims on direct appeal, and consequently, with the exception of the claim for ineffective assistance of counsel, his claims are procedurally barred unless he can establish "cause" and "prejudice." Olaya-Rodriguez, 2003 WL 21219854, at *2.

To satisfy the "cause" requirement, a petitioner must demonstrate that he was prevented from filing a direct appeal. Sanchez v. United States, No. 01 Cr. 908, 2005 WL 1005159, at *2 (S.D.N.Y. April 30, 2005). Petitioner must prove that "some objective factor external to the defense impeded counsel's efforts to raise the claim in the prior petition -- factors such as interference by officials or the unavailability of relevant facts." Rodriguez v. Mitchell, 252 F.3d 191, 203 (2d Cir. 2001) (internal quotation marks omitted). However, "cause" will "usually [be] outside the record and [possibly] exclusively within the petitioner's knowledge, and thus will only come to light if properly asserted by the petitioner." Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000) (internal quotation marks omitted).[1]

Here, Petitioner fails to present <u>any</u> cause, with the exception of ineffective assistance of counsel, for the absence of these claims on appeal. See Dimas-Lopez v. United States, No. 00 Cr. 153, No. 01 Civ. 7170, 2005 WL 1241890, at *2 (S.D.N.Y. May 25, 2005) (finding that a petitioner's habeas petition was procedurally barred because he provided no reason for failing to raise issues previously). As demonstrated in the discussion below, Petitioner's ineffective assistance of counsel argument lacks merit, and therefore, cannot satisfy valid

---

[1] Indeed, proper "cause" is seldom established in habeas cases. See, e.g., Rodriguez, 252 F.3d at 204 (holding that "state bureaucracy" and "waiting to pursu[e] additional materials" fail to substantiate cause); Rickenbacker v. United States, 365 F. Supp. 2d 347, 352 (E.D.N.Y 2005) (holding that "ignorance" and being "unadvised as to her rights" fail to demonstrate sufficient cause because they are "directly attributable to herself and not to any external source").

cause. Maldonado v. Greiner, No. 01 Civ. 0799, 2003 WL 22435713 at *26 (S.D.N.Y. Oct. 28, 2003) ("Because his ineffective appellate counsel claims are meritless, . . . they may not serve as 'cause' for this procedural default of [petitioner's] . . . claims."). Given that Petitioner has failed to provide justification for failure to raise three of his claims on appeal, and there is no evidence of any external factors which impeded his opportunity to raise these claims on appeal, the claims are procedurally barred. Rodriguez, 252 F.3d at 203.[2]

Accordingly, Petitioner's claims for (1) abuse of discretion, (2) denial of right to allocution, and (3) improper use of prior felony convictions are DENIED.

**B. Ineffective Assistance of Counsel**

Petitioner alleges that his trial and appellate counsel were both ineffective.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)); see also Henry v. Poole, No. 03 Civ. 2884, 2005 WL 1220468, at *12-13 (2d Cir. May 24, 2005); Cox v. Donnelly, 387 F.3d 193, 197 (2d Cir. 2004). Moreover, there is "strong presumption" that an attorney's performance and manner of representation were effective. Bell, 535 U.S. at 702 (citation omitted).

1. Ineffective Assistance of Trial Counsel

Petitioner presents five examples of inadequate performance by his trial counsel: (a) failure to present witnesses, (b) failure to have a voice exemplar produced, (c) failure to investigate the validity of prior convictions used to enhance Petitioner's sentence, (d) failure to object to sentence enhancement on account of presence of a firearm, and (e) failure to pursue a plea bargain.

A court need not address both components of an ineffective assistance inquiry if a petitioner fails to make a sufficient showing on one. Kanani v. Phillips, No. 03 Civ. 2534, 2004 WL 2296128, at *26 (S.D.N.Y. Oct. 13, 2004) (citing Strickland, 466 U.S. at 697); see

---

[2] A petitioner who fails to raise a claim on direct appeal is procedurally barred from raising such claim on *habeas* review unless he shows both cause and prejudice. Olaya-Rodriguez, 2003 WL 21219854, at *2. In light of the Court's conclusion that Petitioner did not prove just cause, there is no need to address the prejudice requirement. See Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985).

- 4 -

also Rodriguez v. Senkowski, No. 03 Civ. 3314, 2004 WL 503451, at *40 (S.D.N.Y. Mar. 15, 2004); Muyet v. United States, No. 01 Civ. 9371, 2004 WL 1746369, at *3 (S.D.N.Y. Aug. 3, 2003). Petitioner's claims concern only actions allegedly taken by his trial counsel that are not reflected in the record, and the record indicates that counsel has declined the opportunity to make a sworn statement via affidavit to clarify his measures expended in connection with this case. Therefore, it would be difficult to evaluate the "reasonableness" of counsel's performance. Indeed, the Strickland Court commented that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697. Due to the unavailability of information pertaining to trial counsel's actions, and because a court is not required to address both prongs, Petitioner's claims will be evaluated only on the second prong of the test – the "reasonable probability" prong.

According to both the Supreme Court and the Second Circuit, to satisfy the "reasonable probability" prong of the test for ineffective assistance of counsel, a petitioner must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Henry, 2005 WL 1220468, at *12-13 (citing Strickland, 466 U.S. at 687, 696). The court must ascertain "whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." Id.

### a. Failure to Present Witnesses

First, Petitioner argues that various witnesses were available to testify in his defense, and that his counsel, Schneider, failed to locate and interview them. In particular, Petitioner claims that his brother, Shanea Jackson, his father, Quinten Bridges, and his girlfriend, Tamara Moore, would have established alibis for some of the occasions in which Errol Card, the Government's principal witness, testified Petitioner was engaged in narcotics dealings.

The Second Circuit has held that "[t]he decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to second-guess." United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998). Indeed, the Supreme Court recently determined that "[q]uestioning a few more family members and searching for old records can promise less than looking for a needle in a haystack, when a lawyer truly has reason to doubt there is any needle there." Rompilla v. Beard, 545 U.S. ---, 2005 WL 1421390, at *9 (Jun. 20, 2005). In addition, "a verdict or conclusion only weakly supported

by the record is more likely to have been affected by errors than one with overwhelming record support." Strickland, 466 U.S. at 695-96.

Unlike Rompilla, where a plethora of evidence that likely would have mitigated Petitioner's sentence was available in the courthouse and went unopened by trial counsel, here the Petitioner failed to present a scintilla of evidence of testimonies or affidavits he maintains exist. Id. This lack of proof undermines the validity of Petitioner's allegations of his counsel's errors. See, e.g., Buitrago v. Scullyi, 705 F. Supp. 952, 954 (S.D.N.Y. 1989) (counsel not ineffective for failing to present alibi witness where petitioner fails to show witness would provide alibi). In addition, a formidable case against Petitioner exists and, thus, any potential errors have a diminished impact. The Government presented a persuasive case with substantial evidence against Petitioner at trial, including, but not limited to: (1) testimony by Errol Card and recordings of conversations between Petitioner and Card that incriminate Petitioner in the conspiracy to manufacture and distribute PCP, and (2) testimony from law enforcement officers who stopped or surveilled Petitioner throughout the evolution of the conspiracy. (Trial Tr. at 221-30; 234-46; 249-75.)

Petitioner's lack of proof of his alleged alibis and the substantial evidence presented by the Government indicate that the verdict at trial would not have been different had Schneider investigated and used the witnesses. Therefore, "in light of the extremely strong evidence against [Petitioner], including testimony of his former accomplices, any deficiency by counsel still would not satisfy the second Strickland prong, of showing that [Petitioner] was prejudiced." Rodriguez v. Senkowski, No. 03 Civ. 3314, 2004 WL 503451, at *41 (S.D.N.Y. Mar. 15, 2004); see also Kanani v. Phillips, No. 03 Civ. 2534, 2004 WL 2296128, at *32 (S.D.N.Y. Oct. 13, 2004) ("[D]ue to the overwhelming evidence of Kanani's guilt, it is unlikely that additional investigation would have affected the outcome of the trial.").

Accordingly, Petitioner has not has proved his trial counsel was ineffective for failure to present certain witnesses.

### b. *Lack of Voice Exemplar*

Second, Petitioner contends that his attorney failed to call a voice exemplar,[3] which would have proved that some of the alleged phone conversations that occurred between

---

[3] A voice exemplar is "a sample of a person's voice used for the purpose of comparing it with a recorded voice to determine whether the speaker is the same person." Black's Law Dictionary (8th ed. 2004).

Petitioner and Card were in fact conversations in which Petitioner himself was not a party.

A convicted felon must substantiate an allegation of evidence with more than his own words. McCombe v. United States, No. 02 Civ. 1846, 2005 WL 730566, at *2 (S.D.N.Y. Mar. 31, 2005) (Baer, J.) ("[A] petitioner with a demonstrated lack of credibility must provide some evidence in addition to his own word if he is to prevail in an ineffective assistance argument.").

Here, Petitioner fails to provide a scintilla of evidence in support of his claim that a voice exemplar would have proved Petitioner was not a party to some of the phone calls. Assuming arguendo that he could prove this claim, "due to the overwhelming evidence of guilt, there [is] no reasonable probability that . . . the fact finder would have had reasonable doubt respecting guilt." Rodriguez, 2004 WL 503451, at *42 (internal citations omitted).

Therefore, the aforementioned evidence supports the proposition that there is no "reasonable probability" that the outcome at trial would have been different.

*c. Failure to Investigate the Validity of Prior Convictions*

Third, Petitioner argues that Schneider failed to investigate the claim that his prior convictions for felony narcotics in the State of California were unsubstantiated and uncounseled, which ultimately led to a mandatory life sentence.

Once a court determines that a petitioner's claim is meritless, the petitioner cannot successfully attest that his attorney was ineffective for failing to raise such a claim because, presumably, the result of the proceedings would not have been different if the claim were raised. See Mocombe, No. 02 Civ. 1846, 2005 WL 730566, at *4 (holding that "[petitioner] provides no indication or argument as how [counsel's failure to produce certain documents] would have been exculpatory . . . [a]ccordingly, [petitioner] has failed to show that the decision not to produce or argue from [the] documents amounted to ineffective assistance of counsel); see also Salas-Soto v. United States, No. 02 Civ. 9306, 2004 WL 63494, at * 2 (S.D.N.Y. Jan. 13, 2004) (Upon conclusion that the minor blindness Petitioner experienced was not nearly sufficient to reach the standard required for downward departure from Sentencing Guidelines for medical condition, the court held that Petitioner's counsel was not ineffective for failing to seek such departure).

Here, Petitioner maintains that he was convicted of only one narcotics felony, not two, and that the conviction was obtained without representation by counsel. However, the

Government submitted as evidence two separate Abstracts of Judgment that unambiguously confirm that Petitioner was properly convicted of felony drug offenses twice in the State of California, and that he was represented by counsel in connection with both convictions. The evidence clearly demonstrated that Petitioner's denial of the existence and validity of his prior convictions lacks merit. As such, "[petitioner's] ineffective assistance of counsel claim fails . . . since the objection that [petitioner] believes that [counsel] should have made [to his prior state conviction] would have been unavailing." Echevarria v. United States, No. 97 Cr. 532, 2001 WL 1111523, at *2 (S.D.N.Y. Sept. 21, 2001).

Accordingly, Petitioner's prior convictions were both canonical and counseled, and, therefore, there is no "reasonable probability" that his sentence would have been altered had his counsel argued that the prior convictions were specious.

*d. Failure to Object to Sentence Enhancements*

Fourth, Petitioner contends that his counsel was deficient for failure to object to the two level enhancement for possession of a firearm in the course of the commission of his crime in accordance with U.S.S.G. § 2D1.1(b)(1).

If a convicted felon receives the mandatory minimum sentence for the crime committed, which is required in spite of the error he claims his counsel made, the felon could not have suffered prejudice attributable to this error. See United States v. White, 174 F.3d 290, 294-95 (2d Cir. 1998). Similarly, in Luciano, 158 F.3d at 661, the Second Circuit determined that ineffective assistance of counsel alone does not necessitate the resentencing:

> Were we to remand for resentencing, [petitioner] could receive no lesser sentence of incarceration. Because the district court lacked discretion to sentence [petitioner] to any lesser period of jail time, the outcome of the proceeding in which the constitutionally deficient representation occurred could not possibly have been any different.

Luciano, 158 F.3d at 661-62. The Second Circuit recognized the futility of resentencing a petitioner because of trial counsel ineffectiveness where the sentence was predetermined.

Here, Petitioner was convicted of a violation of 21 U.S.C. § 841(b)(1)(A), and had previously been convicted of two felony drug offenses. According to 21 U.S.C. § 841(b)(1)(A):

> [I]f any person commits a violation of [this statute] after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release. . . .

21 U.S.C. § 841. Thus, according to the Second Circuit's decision in Luciano, the enhanced penalties of 21 U.S.C. § 841(b)(1)(A) dictate that Petitioner receive a minimum sentence of life imprisonment and make such a claim futile. Luciano, 158 F.3d at 661-62.

Consequently, there was no potential alternative to the outcome of Petitioner's sentencing, notwithstanding any unsatisfactory performance by his counsel for the failure to object to the two level sentence enhancement.

### e. Failure to Pursue a Plea Bargain

Fifth, Petitioner argues that his counsel was ineffective due to his failure to pursue a plea bargain upon Petitioner's indication that he would be inclined to accept one.

Counsel is required to inform his client of any plea offer made by the government. Muyet v. United States, No. 01 Civ. 9371, 2004 WL 1746369, at *7 (S.D.N.Y. Aug. 3, 2003). However, failure to pursue a plea bargain is not sufficient proof of ineffective assistance of counsel when there is no suggestion that the prosecutor would have offered one. Eisemann v. Herbert, 401 F.3d 102, 109 (2d Cir. 2005) (citing Burger v. Kemp, 483 U.S. 776, 785-86 (1987)).

Here, there is no evidence that the prosecutor ever intended to offer a plea bargain. Furthermore, "[a] petitioner cannot solely rely on his own [assertion] but must also present objective evidence to substantiate his claim that he would have accepted a purported plea offer." Muyet, 2004 WL 17463369, at *8. Petitioner has tendered no such evidence, and therefore fails to prove either the existence of an offer of a plea-bargain, or his alleged willingness to accept such an offer.

Accordingly, there is no merit to the argument that the outcome of the trial would have been any different had Petitioner's trial counsel attempted to obtain a plea bargain. Id.

### 2. Ineffective Assistance of Appellate Counsel

Petitioner also claims that his appellate counsel, Ollen, was ineffective for his failure to raise any issues on appeal that Petitioner requested he raise. In particular, Petitioner argues that the three issues warranted attention on direct appeal: (1) abuse of discretion by the disqualification of desired trial counsel, (2) the Court's incorrect application of prior

convictions to enhance his sentence, and (3) the Court's increase of his sentence due to the presence of a weapon.

Appellate counsel is under no duty to raise a claim that lacks merit. Muyet, 2004 WL 17463369, at *9 (holding that "failure to raise meritless claims on appeal does not constitute deficient performance"). Moreover, appellate counsel "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745, 750-54 (1983)).

First, Petitioner's claim that the Court's decision to disqualify his retained attorney for trial constituted an abuse of discretion lacks merit. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. However, the Supreme Court has recognized that the defendant's right to counsel of his choice is not absolute. Wheat v. United States, 486 U.S. 153, 159 (1998). If an actual or potentially serious conflict of interest exists, the court has "substantial latitude" to disqualify the choice of counsel, even if the accused has attempted to waive any conflicts. United States v. Zichettello, 208 F.3d 72, 104 (2d Cir. 2000) (citing Wheat, 486 U.S. at 163). A conflict of interest exists when, inter alia, "the attorney's representation of the defendant is impaired by loyalty owed to a prior client." United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004).

Here, the Government presented potential conflicts that could arise as a consequence of Oliver's prior representation, and continuing compensation, of Leonard Brown ("Brown"). (Trial Tr. at 5:12-6:5.) In addition, Brown was also an alleged co-conspirator and a potential witness at trial. (Trial Tr. at 2:10-4:22.) The Court, as in Jones, determined that "the interests of [appellant] and [potential testifier] diverged with respect to what course of action should be taken." Jones, 381 F.3d at 119. Accordingly, the Court's decision to disqualify Oliver was not an abuse of discretion and Petitioner's claim lacks merit.

Second, Petitioner argues that his prior convictions were erroneous and, therefore, should not have received an enhanced sentence. This Court has already determined that the Court's enhancement of Petitioner's sentence due to his prior convictions was appropriate. Similarly, this Court has also already determined that the sentence enhancement Petitioner received because of the presence of the gun was irrelevant to his sentence determination.

All three claims that Petitioner argues his appellate counsel should have raised lack merit. Accordingly, while "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," he cannot prevail on the claim that an attorney's performance is objectively unreasonable for failing to raise claims that have no merit. Muyet, 2004 WL 1746369, at *10. Therefore, Petitioner's claim for relief, on the grounds of ineffective assistance of appellate counsel, is also DENIED.

## IV. CONCLUSION

For the aforementioned reasons, Bradley's petition for a writ of habeas corpus is DENIED. The Clerk of the Court is instructed to close this case and any pending motions and ORDERED to remove this case from my docket.

**IT IS SO ORDERED.**

**New York, New York**
~~July 2005~~
August 1, 2005

_____
U.S.D.J.