```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HAROLD BRIDGES,                              :
                                             :
                Petitioner,                  :       09 CV 5753 (HB)
                                             :       04 CV 2715 (HB)
        - against -                          :       00 CR   210 (HB)
                                             :
                                             :       MEMORANDUM OPINION
UNITED STATES OF AMERICA,                    :            & ORDER
                                             :
                Respondent.                  :
-------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge:**

### BACKGROUND

On May 11, 2001, Petitioner Harold Bridges ("Petitioner" or "Bridges) was sentenced by this Court to a term of life imprisonment for conspiracy to distribute, and possess with intent to distribute, "one kilogram and more of a mixture and substance containing a detectable amount of phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A)." *See United States v. Bridges*, 00 Cr. 210 (HB) (Docket No. 41) (Filed Judgment). On April 9, 2004, Bridges petitioned this Court for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2255, to vacate his May 11, 2001 sentence, and on August 1, 2005, I denied this petition on the merits as three of his claims were procedurally barred and the fourth claim lacked substance. *See Bridges v. United States*, 04 Civ. 2715 (HB) (Docket No. 7); *see also Carter v. United States*, 150 F.3d 202, 206 (2d Cir. 1998) (denial based on procedural default qualifies as disposition on the merits of habeas petition). Almost four years later, on April 20, 2009, Petitioner filed a "Motion to Vacate Section § 2255 Judgment" pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See Bridges*, 00 Cr. 210 (HB) (Docket No. 55). Petitioner claims that extraordinary circumstances and "new" underlying facts warrant reconsideration of his petition.

On February 12, 2009, Bridges filed a new and separate petition for writ of *habeas corpus*, this time pursuant to 28 U.S.C. § 2241, and filed it in the District Court for the Central District of California, Western Division ("California District Court"). *See Bridges v. Norwood*, No. ED CV 09-309-ODW (PLA). Bridges' petition under § 2241 asserts, in substance, that his current federal sentence was improperly enhanced by a constitutionally invalid prior state

1

conviction. On May 26, 2009, the California District Court determined that Petitioner's action was improper under § 2241, and actually fell under 28 U.S.C. § 2255. Therefore, the court determined that it did not have jurisdiction over the matter, and transferred the case to this District for further review.

First, Petitioner's motion pursuant to Rule 60(b)(6) to vacate judgment on his first habeas petition is, to the extent it attacks the underlying conviction, outside the scope of a proper motion under Rule 60(b). To the extent it attacks the integrity of the previous habeas proceeding, the motion is denied. Second, Bridges' petition for writ of *habeas corpus* under 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

### DISCUSSION

Motion for Relief from a Final Judgment Pursuant to Rule 60(b)(6)

Pursuant to Rule 60(b), a court may "relieve a party…from a final judgment, order, or proceeding for" a number of enumerated reasons, including "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Petitioner claims that this catch-all, which is reserved for relief in the interests of justice, is applicable to the denial of his August 2005 section 2255 *habeas* petition. Petitioner argues in substance that (1) extraordinary circumstances warrant reconsideration of the § 2255 petition, in that (a) he only had six months to file a petition because he was otherwise in segregated housing and could not perform legal research and (b) he was constructively "abandoned" by appointed counsel who chose not to modify his previously filed § 2255 petition; and (2) upon reconsideration, he should be allowed to amend his original petition, pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure, to include "new" facts that demonstrate that trial counsel was ineffective for relying on erroneous legal research. Bridges expressly disclaims that this motion is a "successive" petition under 28 U.S.C. § 2255.

"[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction," and, moreover, "an attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'" *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Rodriguez v. Mitchell,* 252 F.3d 191 (2d Cir.2001)). When a Rule 60(b) motion "attacks the underlying conviction" rather than the integrity of the habeas proceeding, a district court has two options: "(i) the court may treat the Rule 60(b) motion as a 'second or successive' habeas petition…or (ii) the court may simply

deny the portion of the motion attacking the underlying conviction as 'beyond the scope of Rule 60(b),'" *Id.* at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)). The Second Circuit has expressly cautioned district courts about treating Rule 60(b) motions as successive petitions due to the strict provisions associated with such petitions. *See, Gitten*, 311 F.3d at 534.

The claims in Bridges' motion which seek to amend the original petition to add additional facts is an attempt to challenge "the underlying conviction," because Petitioner asks this court to reconsider his original habeas petition with new facts about what happened at his original criminal trial. For example, Petitioner alleges that trial counsel failed to properly pursue a plea bargain on his behalf. *See* Pet'r.'s Mot. to Vacate § 2255 J. Pursuant to Fed.R.Civ.P. 60(b)(6), at 15-22 (describing alleged failings of trial counsel). This is without question a challenge to the underlying conviction and is simply outside the scope of a Rule 60(b) motion addressed to a habeas decision.

To the extent Petitioner's motion "attacks the integrity of the previous habeas proceeding," *Harris*, 367 F.3d at 77, he has failed to demonstrate any extraordinary circumstances that warrant reconsideration of the original decision. His claims that he had insufficient time to properly research and file a petition because he was in segregated housing is, based on the facts alleged, insufficient to conclude that the circumstances were extraordinary. Typically, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances," *Warren v. Kelly*, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002); *see also Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (but noting that deprivation of legal materials that actually prevented a prisoner from filing a petition might make for a different story). In this case, Petitioner was able to timely file his original habeas petition and he makes no particular showing as to how the six months he had to research and draft his initial petition was so damaging as to render the situation "extraordinary." *Compare Hizbullahankhamon* 255 F.3d at 75.

Bridges' claim about his lawyer likewise does not rise to the level of an extraordinary circumstance. "To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical…or constructive disappearance." *Harris*, 367 F.3d at 81; *see also Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (attorney that took fee

but failed to file habeas petition or perform any legal research constituted 'extraordinary circumstance'). Bridges' appointed counsel did nothing close to physical or constructive abandonment; to the contrary he provided Petitioner with a lengthy and detailed letter, supported by his legal research, which explained why in his professional opinion there were no further plausible claims that could constitute a valid amendment to the petition that Bridges already filed. *See* Pet'r.'s Mot. to Vacate § 2255 Judgment, Ex. 2 (Letter from Oliver A. Smith to Harold Bridges, October 4, 2004). It is genuinely unfortunate that appointed counsel could find no further plausible claims to bring on behalf of Petitioner. However, this does not constitute abandonment of the client. In short, Petitioner's contentions are insufficient to rise to the level of an "extraordinary" circumstance and, as such, this part of the Rule 60(b) motion must be denied.

Bridges' § 2241 Petition

In a wholly separate proceeding in February 2009, Bridges brought a new *habeas* petition, this time pursuant to 28 U.S.C. § 2241. The California District Court determined that it should be treated as a petition pursuant to § 2255, and transferred it to this Court for further review. "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions…[i]n contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Put more simply, these two types of *habeas* petitions typically address different factual claims. "As a general rule, when collaterally attacking a sentence on the ground that he was convicted in violation of the Constitution or federal law, a federal prisoner must use § 2255." *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir.; 2003) (internal quotations and citations omitted).

A review of Bridges' petition and the California District Court's well-reasoned opinion indicates that this petition is properly treated as a § 2255 motion under the law in this Circuit. Petitioner's claim focuses on the facts related to conviction and sentencing, and not the execution of his sentence. *See, e.g.,* Pet'r.'s Request for Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 11-24 (describing facts related to original conviction and alleged ineffective assistance provided by trial counsel). "Generally, a § 2255 motion is the *exclusive* means for a federal prisoner to challenge the legality of his conviction or sentence, whereas a § 2241 petition is the appropriate avenue for challenging 'the execution of a federal prisoner's sentence.'" *Schomaker v.*

*Nalley*, 104 Fed. Appx. 763, 764-765 (2d Cir. 2004) (citing *Cephas v. Nash,* 328 F.3d 98, 103 (2d Cir.2003)).  Petitioner conceives of his § 2241 petition as a challenge to the "conditions" or "execution" of his sentence because he alleges wrongful custody due to a flawed underlying state court conviction that resulted in an enhanced sentence.  However, this is in fact no more than a challenge to the legality of the conviction or sentence, as it is about whether the enhanced sentence was proper based on the disputed state conviction.  Unfortunately for Petitioner, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."  *Moore v. White*, 188 F.Supp.2d 411, 413 (S.D.N.Y. 2002) (quoting *Charles v. Chandler,* 180 F.3d 753, 758 (6th Cir.1999)).

Further, a § 2241 petition is appropriate where § 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  A petition under § 2255 is "inadequate or ineffective" where "the petitioner cannot, for whatever reason, utilize § 2255, and [where] the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997).  The Second Circuit has only recognized one instance of the "relatively few" cases where this usage of § 2241 would be available: "cases involving prisoners who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised their claims of innocence at an earlier time."  *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003).  As detailed by the California District Court, Bridges' petition fails to meet this standard.  Petitioner alleges only that he is innocent of one of the charges for which he was convicted, and that the conviction increased his sentence, but it was not for the federal crime for which he was convicted in 2001.  This is insufficient to "prove actual innocence on the existing record."  *See id.*   In addition, the facts alleged – that he had an alibi for the time during which it was alleged that the underlying crime was committed, as he was with his girlfriend – was by its very nature known to the Petitioner at the time of his trial in 2000 and therefore could have been raised "at an earlier time."  *See id.*

As such, this Court is left with only two options: (1) "the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit]for certification," or, (2) "if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction."  *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004) (internal citations omitted).  As described above, it is clear that, based on these set of allegations, Petitioner cannot demonstrate that a §

2255 petition would be inadequate or ineffective to challenge his confinement. As a consequence, and given the "severity" of "AEDPA's gate-keeping limitations," *id.*, this Court will dismiss Bridges' § 2241 motion for lack of jurisdiction. Petitioner is encouraged to very carefully consider what is needed to succeed on a successive petition under § 2255, should he ultimately decide to embark on this route.

## CONCLUSION

For the reasons stated herein, Petitioners' motion for relief from a final judgment under Rule 60(b)(6) is outside the scope of a proper motion under that rule, and otherwise DENIED. Petitioners' *habeas* petition brought pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

The Clerk of the Court is instructed to file this opinion in all three of the relevant actions (09 CV 5753, 04 CV 2715, and 00 CR 210). The Clerk is further instructed to close all relevant motions and remove this case from my docket.

**SO ORDERED.**

New York, New York
March  , 2010

_____
United States District Judge