**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**HAROLD BRIDGES,**                                  :
                                                     :
                 **Petitioner,**      :
                                                     :
  -against-                                         :
                                                     :    04 CV 2715 (HB)
**UNITED STATES OF AMERICA ,**                       :    **OPINION & ORDER**
                                                     :
                 **Respondent.**      :
                                                     :
-------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**[*]

      The present motion by Harold Bridges ("Petitioner"), proceeding *pro se*, is his second motion under to Fed. R. Civ. P. 60(b) to vacate the Court's denial of Petitioner's writ of habeas corpus pursuant to 28 U.S.C. §2255. *United States v. Bridges*, No. 04 Civ. 2715, 2005 WL 1798084 (S.D.N.Y. Aug. 1, 2005). For the reasons set forth below, Petitioner's instant motion, to the extent it attacks the integrity of the previous 28 U.S.C § 2255 proceeding, is once again DENIED.  To the extent that the motion attacks the integrity of the underlying conviction, the Court hereby notifies Petitioner of its intent to construe the motion as a second or successive habeas petition and transfer the action to the United States Court of Appeals for the Second Circuit for a possible certification unless Petitioner indicates that he wishes to withdraw the motion in writing within 30 days of the date of this order.

## Background

      On May 11, 2001, the Petitioner was sentenced by this Court to a term of life imprisonment for conspiracy to distribute and possess with intent to distribute one kilogram and more of a mixture and substance containing a detectable amount of phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A). On March 18, 2003, the Second Circuit affirmed the judgment in all respects. *United States v. Bridges*, 61 F. App'x 736 (2d Cir. 2003). On April 9, 2004, the Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

---

[*] Christopher McEneney Chan, a spring 2013 intern in my Chambers and a second year law student at Hofstra Law School, provided substantial assistance in researching and drafting this opinion

§ 2255 to vacate his sentence based on four grounds, including ineffective assistance of trial counsel. *Bridges*, 2005 WL 1798084.  The Court denied the petition; in particular, Petitioner's claim of ineffective assistance of counsel based on the failure to pursue a plea bargain was dismissed because Petitioner had "tendered no [] evidence . . . [regarding] the existence of an offer of a plea-bargain, or his alleged willingness to accept such an offer." *Id*. at *7.

On April 20, 2009, Petitioner filed his first motion pursuant to Fed. R. Civ. P. 60(b) to vacate the Court's denial of his § 2255 petition. *Bridges v. United States*, No. 09 Civ. 5753, 2010 WL 743030 (S.D.N.Y. Mar. 4, 2010).  Shortly thereafter, Petitioner filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the Central District of California, which was subsequently transferred to this Court to be treated as another § 2255 motion. *Id*. at *3.  On March 4, 2010, this Court denied Petitioner's § 2241 petition for lack of jurisdiction. *Id.* at *4.  The Court also denied Petitioner's Rule 60(b) motion, holding that his ineffective assistance of counsel claim based on new facts is a challenge to the underlying conviction outside the scope of Rule 60(b) and that Petitioner's contention about the lack of time and "abandonment" by appointed counsel did not constitute extraordinary circumstances. *Id*. at *1-3.

On June 18, 2011, Petitioner filed the instant motion, for the second time pursuant to Rule 60(b)(6), arguing that the Court erroneously applied "a procedural bar" to his ineffective assistance of counsel claim and that a recent Supreme Court decision, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), constitutes an "extraordinary circumstance" warranting reconsideration.[1]  In *Lafler*, the Supreme Court applied the ineffective assistance of counsel test established in *Strickland v. Washington*, 466 U.S. 668 (1984), in the context of a conviction following a petitioner's rejection of a plea offer, and held that the proper remedy in such a case was to order the Government to reoffer the plea agreement. 132 S. Ct. at 1390-1391.  I note that this Court, however, already analyzed Petitioner's ineffective assistance of counsel claim under *Strickland* under the law of the Second Circuit. *See Bridges*, 2005 WL 1798084, at *3, *7; *see also Lafler*, 132 S Ct. at 1385 (observing that "test for *Strickland* prejudice in the context of a rejected plea

---

[1] The Court will not reach the two new arguments, raised for the first time in the reply brief, based on the lack of evidentiary hearing and the severity of his sentence. *See Brown v. Ionescu*, 380 F. App'x 71, 72 (2d Cir. 2010) (declining to consider argument raised for first time in a *pro se* litigant's reply brief).

bargain . . . . is consistent with the test adopted and applied by other appellate courts" including the Second Circuit in *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998)). In his reply brief, Petitioner attaches an exhibit evidencing, for the first time, the Government's plea bargain offer. Pet'r's Reply, Ex. C.

## Discussion

Rule 60(b) generally allows the Court to "relieve a party from a final judgment, order or proceeding" for the six reasons enumerated therein, and here "is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001)).  When a petitioner nonetheless relies on Rule 60(b) to attack the integrity of the underlying conviction, a district court has two procedural options: (1) to treat the motion as "a second or successive" habeas petition and transfer it to the Court of Appeals for a possible certification; or (2) to simply deny the motion "as beyond the scope of Rule 60(b)." *Id*. at 76.  However, the Second Circuit has also cautioned the district courts of "the dangers that a prisoner faces when a portion of his Rule 60(b) motion is forwarded to this Court as an application for a second or successive collateral attack" given "the strict standards of section 2244." *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002).

Here, the Petitioner's motion essentially attacks the underlying conviction rather than the integrity of the habeas proceeding and is therefore to be treated like a successive habeas petition. First, although Petitioner argues that the Court applied a "procedural bar" against his ineffective assistance of counsel claim, in fact, that claim was denied on the merits, i.e. on the ground that Petitioner had "tendered no [] evidence . . . [regarding] the existence of an offer of a plea-bargain, or his alleged willingness to accept such an offer." *Bridges*, 2005 WL 1798084, at *7. This is because "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5.  As for Petitioner's new evidence regarding the Government's offer of a plea bargain and his argument that that the recent Supreme Court case, *Lafler v. Cooper*, constitutes an "extraordinary circumstance," the Supreme Court has unequivocally held that a petitioner may not rely on a Rule 60(b) motion

based on "new evidence in support of a claim already litigated" or "a purported change in the substantive law governing the claim" to "circumvent the requirement that a successive habeas petition be precertified by the court of appeals." *Gonzalez*, 545 U.S. at 532.

The Court has already denied Petitioner's previous Rule 60(b) motion, and thus another available option is to transfer the present motion to the Second Circuit as a second or a successive collateral attack. The Court, however, is mindful of the Second Circuit's instruction to notify the petitioner of the consequences that may result from adoption of that option. *See Gitten*, 311 F.3d at 532. The petitioner is therefore cautioned with respect to two possible consequences of the transfer: (1) "the converted portion of his motion will be tested against the strict gate-keeping standards," which may be better addressed by a properly crafted second collateral attack; (2) "premature treatment of the converted portion of the 60(b) motion as a second collateral attack risks subjecting the prisoner not only to summary denial of that challenge but also to summary denial of any subsequent (i.e., third) challenge as an abuse of the writ." *Id.* at 533. Petitioner is reminded that the Second Circuit "may certify a successive § 2255 petition only if it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Villanueva v. United States*, 346 F.3d 55, 62 (2d Cir. 2003) (quoting 28 U.S.C § 2255(h)). Petitioner has thirty (30) days to notify this Court in writing whether he wishes to withdraw his motion. Failing to hear from Petitioner within 30 days will cause a transfer to the Second Circuit.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies that any appeal from this Memorandum and Order would not be taken in good faith and therefore in *forma pauperis* status is denied for the purpose of an appeal. *See* 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**
New York, New York
June 11, 2013

_____
**Hon. Harold Baer, Jr.**
**U.S.D.J.**

4